Turney, J.,
delivered the opinion of a majority of the Court.
This bill is filed against the securities of Nathan Ward, seeking to hold them responsible for about $1,000, which went into his hands, under the will of John Ward.
Under the Act of 26th January, 1888, section 18, Nicholson’s Supplement, p. 181, we hold, they are liable. That act is in these words, viz.: “All executors hereafter qualified and their securities, shall be liable upon their bonds for the performance of all the trusts of the will which they are required to perform, and all the duties devolving upon them as executors, as well in relation to the real as the personal estate; and in like manner administrators hereafter appointed, and their securities, shall be liable upon their bonds for the performance of all the trusts and duties of their respective offices, as *18 well in relation to real as personal estates; and such bonds, when taken in the forms hereafter prescribed, shall bind such executors and administrators as herein provided.”
The will before us directs that the executor shall, after the death of the testator’s wife, sell all of the estate, real and personal, for an equal distribution among the children of the testator; that the share of the daughter, Louisa Portex*, shall not go into her hands or those of her husband, but be.kept, preserved, and loaned out at interest, in trust for her, by the executor, who is appointed and directed to act as trustee for her.
The wife died; the executor made sale of the estate, and has failed to discharge the duties of his trust.
"While we agree with Judge Turley, in Hughlett v. Hughlett, 5 Hum., 453, that “the word executor (used by him under the law, applicable to that case and time) is a technical term, and applies to duties to be performed in relation to the goods and chattels, lights and credits of the testator, in contradistinction to that of trustee, which applies to duties to be performed in relation to real estate;” it is to be borne in mind, that the definition of terms, as given by courts, are usually meant to be applied in the light of the facts of the case in which the definition is given, and are not intended to be so comprehensive as to apply to all cases under a totally different state of facts.
When we use the term executor in a general or universal sense, .we mean the person appointed by *19 a testator to execute Ms will, or to see it carried into effect after Ms death.
Under this latter definition, it is the duty of an executor to do and perform every act directed or provided for in tbe will, ■ without restriction by the character of the property disposed of, or the nature of the trusts imposed by the will.
If we use the term, as lawyers, we are to be understood as using it in the sense of, and restricted by the law- of the State in which we - use it, so that it' may mean one thing in New York, convey a more enlarged idea in Kentucky, and a more restricted one in Tennessee. The' Legislature of each State prescribes the duties of executors in that State, and the term when used there means, that person who discharges those duties under the particular State law.
The Legislature of the State has the power to enlarge or contract the duties and responsibilities of executors, and when so done, the meaning of the term is correspondingly enlarged or contracted.
Our Legislature of 1838, enacted that, “all executors hereafter qualified and their securities, shall be liable upon their bonds, for the performance of all the trusts of the will which they are required to perform, and all the duties devolving upon them as executors,” etc., etc. The conjunction and used in this sentence expresses the relation of addition and means, “ as well as.” The statute then, read in the sense the Legislature intended it, is, executors and their securities shall be bound upon their *20 bonds for tbe performance of all tbe trusts of tbe will wbicb they are required to perform in addition to their liability for all tbe duties devolving upon them as executors; or, to express it in different language, as well as for all tbe duties devolving upon them as executors.
It is insisted in argument, that although tbe duties to be performed are intrusted to tbe same person, that still tbe offices are distinct, and that although tbe executor was directed to sell and make title, and as executor to collect tbe proceeds of tbe sale, yet upon tbe collection be became trustee divested of tbe character of executor. This certainly would have been tbe rule under our decisions and legislation before tbe passage of tbe Act of 1838, and has, perhaps, been tbe rule since tbe ad'option of tbe Code, into wbicb tbe act was not transferred.
But, as we have already seen, tbe terms executor and trustee used in tbe will before us, are synonymous and convertible, interpreted in view of tbe act referred to; that act is simply an enlargement of tbe duties of an executor at tbe will of tbe testator.
Tbe bond having been executed during tbe existence of tbe act, was executed with reference thereto; its provisions make responsible tbe securities of tbe executors.
It is insisted that tbe law requiring executors and administrators to settle estates in two years, is an argument favoring tbe construction of tbe statute *21 and general law relied on by defendants. Tbis provision is simply an economical one, applicable to ordinary cases, and never intended to be applied in cases where, by the terms of the will, as in this, or on account of the condition of the assets or liabilities;'to close the administration witbin the time prescribed is an impossibility.
The bill was demurred to, and the demurrer sustained.
Reverse the decree, and remand the case for further proceedings.